UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL FOURNIER,

    Plaintiff,

v.

JASON CLIFTON,

    Defendant.

Civil No. 09-3408 (ADM/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is attempting to sue Defendant Jason Clifton, who apparently lived with Plaintiff at some time in the past. The complaint alleges that Defendant stole some of Plaintiff's property, including CDs, DVDs, some money, "a couple of bikes," and an "xbox 360." Defendant also allegedly misappropriated over $1400.00 from two of Plaintiff's bank accounts. Plaintiff is seeking a judgment against Defendant in the amount of $20,000.00.

Plaintiff asserts that federal subject matter jurisdiction exists in this case, because his claims are based on federal law, and because there is diversity of citizenship between the parties. However, both of those assertions are clearly incorrect.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, the Court finds that federal subject matter does not exist under either the "federal question" statute, (28 U.S.C. § 1331), or the "diversity of citizenship" statute, (28 U.S.C. § 1332).

### A. Federal Question

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As a general rule, this means that federal subject matter jurisdiction exists if "federal law creates the cause of action," although jurisdiction can also exist "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986), quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983).

Here, there are no allegations in the complaint which suggest that Plaintiff's claims against Defendant are predicated on any provision of the federal Constitution, or any provision of any federal law or treaty. To the contrary, it appears that Plaintiff's claims must be based entirely on some state common law tort theory – presumably, conversion.

2

Plaintiff contends that there is a federal question presented here, because Defendant allegedly stole funds from Plaintiff's bank accounts, which allegedly were insured by the Federal Deposit Insurance Corporation, ("FDIC"). However, the mere allegation that Plaintiff's funds were taken from an FDIC-insured account does not show that Plaintiff's current cause of action against Defendant was <u>created by</u> federal law. Furthermore, it does not appear that Plaintiff's current claims against Defendant require any construction of any federal law.

Because Plaintiff's current claims against Defendant are not created by federal law, and do not require any construction of federal law, the Court finds that this action does not "aris[e] under the Constitution, laws, or treaties of the United States." Therefore, notwithstanding Plaintiff's allusion to the FDIC, the Court concludes that federal subject matter jurisdiction does not exist in this case under the "federal question" statute, 28 U.S.C. § 1331.

B. <u>Diversity of Citizenship</u>

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in <u>different</u> states, and (ii) the amount in controversy exceeds $75,000.00. Here, the complaint expressly states that both Plaintiff and Defendant are citizens of Minnesota. (Complaint, pp. 1-2, §§ 1 and 2; p. 3, § 5.) Thus, there obviously is, in fact, no diversity of citizenship in this case.

Furthermore, even if Plaintiff and Defendant resided in different states, the diversity of citizenship statute still could not apply in this case, because it appears on the face of Plaintiff's complaint that the amount in controversy in this action is only $20,000.00 – which

3

obviously does not satisfy the $75,000.00 jurisdictional threshold. For this additional reason, federal subject matter jurisdiction cannot exist under the diversity of citizenship statute.

## III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case under either the federal question statute, or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[1]

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: December 4, 2009

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 21, 2009** a writing which

---

[1] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the grievances described in his complaint. Plaintiff could, perhaps, seek relief in state court, based on the state common law tort theory of conversion. However, Plaintiff's current complaint leaves much to be desired, (besides just lack of subject matter jurisdiction), and he is strongly encouraged to seek legal assistance before pursuing any further court actions.

4

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.